UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LEVIN GROUP, L.P.,<br><br>               Plaintiff,<br><br>    v.<br><br>BOWATER INCORPORATED,<br><br>               Defendant. | **Civil Action No. 07-CV6502(RJH)**<br>**(Gorenstein, M.J.)**<br><br>**ECF Case** |

**DECLARATION OF ANDREW H. SCHAPIRO
IN SUPPORT OF DEFENDANT'S MOTION
FOR TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)**

Andrew H. Schapiro hereby declares under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am a member of the law firm of Mayer, Brown, Rowe & Maw, LLP, attorneys for Defendant Bowater Incorporated in connection with the above-captioned case. I submit this declaration in support of Defendant's Motion for Transfer Pursuant to 28 U.S.C. § 1404(a).

2. Attached as Exhibit A is a true and complete copy of an Engagement Letter executed by The Levin Group, L.P. and Bowater Incorporated, dated July 31, 2006.

July 19, 2007

                                         /s/ Andrew H. Schapiro
                                         Andrew H. Schapiro
                                         MAYER, BROWN, ROWE & MAW LLP
                                         1675 Broadway
                                         New York, New York  10019-5820
                                         (212) 506-2500

                                         *Attorneys for Defendant*
                                         *Bowater Incorporated*

2

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 19, 2007.

                                              /s/ Andrew H. Schapiro
                                              Andrew H. Schapiro

# Exhibit A

# THE LEVIN GROUP, L.P.

110 East 59th Street
22nd Floor
New York, New York 10022

Phone (212) 758-0110
Fax (212) 758-0550

July 31, 2006

David J. Paterson
President and Chief Executive Officer
Bowater Incorporated
55 E. Camperdown Way
Greenville, SC 29601

Dear Dave:

This letter agreement confirms that Bowater Incorporated for itself and its affiliates ("Bowater" or the "Company") has retained The Levin Group, L.P. ("TLG") on the following terms, (i) to be a strategic and financial advisor to Bowater, and (2) to review certain potential acquisitions and divestitures as specifically identified by Bowater to TLG in writing as a transaction subject to Paragraph 2(b) below (such potential acquisitions and divestitures referred to herein individually as a "Transaction").

1. <u>Services</u>. TLG, in its capacity as a strategic and financial advisor to Bowater, will at the latter's request undertake certain activities on behalf of Bowater including, if appropriate, the following:

(a) Familiarize itself with and conduct such financial review and evaluation of the Transaction, and its business, operations, properties, financial condition and prospects as Bowater and TLG shall mutually agree is desirable and feasible;

(b) Review and advise on the strategic and financial alternatives available to Bowater in connection with the Transaction, including valuation, transaction structure, and due diligence review;

(c) Assist in the negotiation of definitive agreements for the Transaction to the extent requested by Bowater;

(d) Provide such other strategic and financial advisory services related to the Transactions as may from time to time be agreed upon by the Bowater and TLG.

2. <u>Fees</u>. In consideration of its rendering the strategic and financial advisory services and related to a Transaction described above, Bowater agrees to pay to TLG the following fees:

(a) an advisory fee of $100,000, payable monthly beginning August 1, 2006 and terminating January 31, 2007. In the event of termination of this agreement, as defined herein in Paragraph 6, the advisory fee shall be paid pro rata for the month of termination; and

(b) in the event of execution of definitive agreements and closing of a Transaction, a transaction fee equal to 2% of the enterprise value of the transaction, defined as the equity value plus assumed indebtedness (the "Transaction Fee").

3. <u>Expenses</u>. In addition to any fees that may be payable to TLG hereunder, the Company agrees to reimburse TLG on a monthly basis for all reasonable travel, research and other expenses incurred in connection with TLG's service as a financial advisor. Such reimbursements shall be made promptly upon submission by TLG of statements thereof which shall be in form and content acceptable to Bowater.

4. <u>Confidentiality</u>.

(a) Bowater recognizes and confirms that TLG, in serving as a financial advisor to the Company hereunder, will be using and relying on publicly available information and on data, material and other information furnished to TLG by the Company (the "Confidential Information"). It is understood that in performing its services TLG may rely upon such publicly available information and the Confidential Information so furnished without independent verification. The Company and TLG will enter into a separate confidentiality letter agreement dated the date hereof describing the terms upon which the Company will furnish the Confidential Information to TLG. Such confidentiality agreement is an integral part of this letter agreement and the terms thereof are incorporated by reference herein, it being understood that the terms and obligations of the confidentiality agreement survive termination of this letter agreement.

(b) The advice (written or oral) rendered by TLG pursuant to this letter agreement shall become the exclusive property of Bowater and Bowater shall be the sole owner of all such advice and materials. No part of any such advice or materials shall be disclosed to any third party or used other than for the specific purposes of this agreement by TLG, without the express written consent of Bowater.

5. <u>Indemnification</u>. Each party agrees to indemnify and hold harmless the other party (and its affiliates) and their respective directors, officers, stockholders, employees and agents (collectively, "Indemnified Persons"), from and against all claims, liabilities, losses, damages and expenses incurred (including reasonable attorney fees) (collectively, "Losses") to the extent such Losses arise from such indemnifying party's breach of its obligations under this agreement. However, such indemnifying party shall not be liable under the foregoing indemnity obligation to the extent any such Losses arise from the gross negligence or willful misconduct of an Indemnified Person. Each party acknowledges and agrees its indemnity obligations under this agreement shall be in addition to any rights that any Indemnified person may have at law or otherwise.

6. <u>Termination</u>. The engagement of TLG hereunder may be terminated at any time at will either by the Company or TLG upon thirty days (30) written notice thereof to the other party provided, however, that any termination of TLG's engagement hereunder shall not affect (a) both parties' obligation to indemnify the other party and certain related persons as provided in the indemnification provision referred to above, (b) the rights and obligations of the Company and TLG under the confidentiality agreement referred to above and (c) the Company's obligations to pay the fees and expenses as provided for herein. Upon termination of this engagement, TLG shall promptly return to the Company all Confidential Information.

7. <u>Miscellaneous</u>.

(a) This letter agreement shall be deemed made in the state of South Carolina. This letter agreement and all controversies arising from or relating to performance under this letter agreement shall be governed by and construed in accordance with the laws of the state of South Carolina, without giving effect to such state's rules concerning conflict of laws. Bowater and TLG hereby irrevocably consent to personal jurisdiction and venue in any court of the state of South Carolina or a Federal court in either case sitting in the state of South Carolina for the purposes of any suit, action or other proceeding arising out of this letter agreement or any of the agreements or transactions contemplated hereby, which is brought by or against Bowater or TLG, and hereby agree that all claims in respect of such suit, action or proceeding may be heard and determined in any such court. Bowater and TLG agree that any right to trial by jury with respect to any claim or action arising out of this letter agreement or conduct in connection with this engagement is hereby waived.

(b) This letter agreement may be executed in several counterparts, each of which together shall be considered a single document.

(c) This letter agreement may not be assigned by either party hereto without the prior written consent of the other party.

The Levin Group, L.P. is pleased to accept this engagement to serve as a strategic and financial advisor to Bowater Incorporated. Please confirm that the foregoing is in accordance with your understanding by signing and returning to TLG the enclosed duplicate of this letter agreement, which shall thereupon constitute a binding agreement.

Very truly yours,

THE LEVIN GROUP, L.P.

By: _____
Name: William Levin
Title: Managing Director


ACCEPTED AND AGREED TO:

BOWATER INCORPORATED

By: _____
Name: William G. Harvey
Title: Senior Vice President and Chief Financial Officer