UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE LEVIN GROUP, L.P., <br><br>               Plaintiff, <br><br>       v. <br><br> BOWATER INCORPORATED, <br><br>               Defendant. | **Civil Action No. 07-CV6502(RJH)** <br> **(Gorenstein, M.J.)** <br><br> **ECF Case** |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO
TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant Bowater Incorporated moves pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the District of South Carolina, the state specified in the forum selection clause of the contract out of which this action arises.

**FACTS**

Bowater is a leading producer of newsprint and publication paper for magazines and catalogs. Complaint ¶ 3. It is incorporated in Delaware, and its headquarters and principal place of business is in Greenville, South Carolina. *Id.* Plaintiff The Levin Group, L.P. ("TLG") is "a mergers and acquisition ('M&A') advisory firm which since its founding in 1991 has provided strategic and financial advisory services to leading U.S. corporations and international clients in Europe, Mexico and Japan." *Id.* ¶ 2.

Bowater contracted with TLG, pursuant to an Engagement Agreement, for "strategic and financial advi[ce]" and for the "review [of] certain potential acquisitions and divestitures as specifically identified by Bowater to TLG in writing." Agreement, Preamble (Schapiro Declaration, Ex. A). The Agreement entitled TLG to an "advisory fee" of $100,000 per month.

*Id.* ¶ 2(a). In addition, the Agreement provided that TLG would receive a "transaction fee equal to 2% of the enterprise value of" transactions "as specifically identified by Bowater to TLG in writing as a transaction subject to Paragraph 2(b)" of the Agreement. *Id.* ¶ 2(b). The Agreement specified that it "shall be deemed made in the state of South Carolina," that all controversies arising out of the Agreement "shall be governed by and construed in accordance with the laws of the state of South Carolina," and that both parties "irrevocably consent to personal jurisdiction in" state or federal court in South Carolina. Agreement ¶ 7(a).

In January 2007, Bowater announced a merger with Abitibi-Consolidated Inc. ("Abitibi"), in a transaction valued in excess of $8 billion. The Preliminary Registration Statement on Form S-4 that Abitibi and Bowater filed with the Securities and Exchange Commission disclosed that Goldman, Sachs & Co. would receive a transaction fee of approximately $12 million and that UBS Investment Bank would receive approximately $8 million. Complaint ¶ 25.

Despite the fact that the Abitibi merger was never "specifically identified by Bowater to TLG in writing" as subject to the transaction fee, TLG has made repeated demands for a transaction fee pursuant to the Agreement. On June 18, TLG filed suit in Supreme Court of the State of New York, demanding money damages and declaratory relief. Bowater properly removed the action to this Court on July 19.

## ARGUMENT

Section 1404(a) permits a court to transfer any action "[f]or the convenience of the parties and witnesses, in the interest of justice." The Supreme Court has explained that "[t]he statute was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Piper Aircraft Co.* v. *Reyno*, 454 U.S. 235, 254 (1981). The relevant

factors are similar to those in *forum non conveniens* analysis, but transfer under § 1404(a) may be granted "upon a lesser showing of inconvenience." *Norwood* v. *Kirkpatrick*, 349 U.S. 29, 32 (1955).

### I.     This Action "Might Have Been Brought" in South Carolina

Section 1404(a) provides that the court may order a transfer "to any other district or division where it might have been brought." This provision allows for transfer to any federal district in which venue is proper. *Van Dusen* v. *Barrack*, 376 U.S. 612, 623 (1964). In this case, venue is proper in the U.S. District Court for the District of South Carolina, because the defendant "reside[s]" in South Carolina (28 U.S.C. § 1391(c)) and because "a substantial part of the events or omissions giving rise to the claim occurred" in South Carolina. 28 U.S.C. § 1391(a)(1), (2). Furthermore, TLG consented to venue in South Carolina in the Agreement. Agreement ¶ 7(a).

### II.    The Relevant Factors All Favor Transfer to South Carolina

Transfer under Section 1404(a) is within the district court's discretion. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992). The factors relevant to that decision include:

> (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*800-Flowers, Inc.* v. *Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994). "[A] plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because the plaintiff is no longer in his or her chosen forum, which was state court." *Sky Techs. Partners, LLC* v. *Midwest Research Inst.*, 125 F. Supp. 2d 286, 292 (S.D. Ohio 2000).

### A. Party Convenience Favors Transfer

In this case, these factors strongly favor transfer to South Carolina. First and most importantly, the convenience of the parties, as expressed in a valid forum selection clause, favors South Carolina. This Court has repeatedly observed that, "although a permissive forum clause is entitled to less weight than a mandatory one, the fact that both parties initially accepted the jurisdiction of the courts of [some jurisdiction] must count. A forum selection clause is ***determinative*** of the convenience to the parties." *Orix Credit Alliance, Inc.* v. *Mid-South Materials Corp.*, 816 F. Supp. 230, 234 (S.D.N.Y. 1993) (internal citations omitted) (emphasis added); see also *MK Systems, Inc.* v. *Schmidt*, 2005 WL 590665, at *5 (S.D.N.Y. 2005); *Reliance Ins. Co.* v. *Six Star, Inc.*, 155 F. Supp. 2d 49, 58 (S.D.N.Y. 2001).

Paragraph 7(a) of the Engagement Agreement contains a forum selection clause specifying South Carolina as the parties' preferred venue. The clause states that

> Bowater and TLG hereby irrevocably consent to personal jurisdiction and venue in any court of the state of South Carolina or a Federal court in either case sitting in the state of South Carolina for the purposes of any suit, action or other proceeding arising out of this letter agreement or any of the agreements or transactions contemplated hereby.

Under the governing case law, that contractual consent to venue in South Carolina is legally dispositive as to party convenience.

Even without a forum selection clause, TLG admits in its Complaint that its principals regularly travel across the United States and around the world on advisory business. Complaint ¶¶ 2, 6. In particular, TLG negotiated and executed the Agreement in South Carolina. See Agreement ¶ 7(a). Litigation in South Carolina thus cannot be considered a substantial burden on TLG.

### B.     Witness Convenience and Access to Sources of Proof Favors Transfer

The fact that relevant witnesses and documents are located mainly in South Carolina also weighs in favor of transfer.  All Bowater personnel who were involved with the negotiation and revising of the contract drafted by Levin are based out of Bowater's headquarters in South Carolina.  In addition, Bowater documents, also located in South Carolina, will be relevant to document the interpretation of the transaction fee provision.  Finally, TLG personnel traveled to and worked at Bowater's headquarters in South Carolina, and South Carolina witnesses may testify as to the substance of TLG's services and conversations regarding those services.

### C.     All Relevant Events Occurred in South Carolina

Another factor under the Section 1404(a) analysis is "the locus of the operative facts."  In this case, the "operative facts" are the negotiation and formation of the Engagement Agreement, alleged communications between Bowater and TLG regarding the Abitibi merger, and Bowater's alleged repudiation of its duties under the Agreement.  See Complaint ¶ 1 ("This action arises from Bowater's breach of contract, by its repudiation of its obligation to pay TLG a transaction fee.").  All of those alleged facts, if true, would have occurred in South Carolina.

The parties expressly agreed that the Engagement Agreement was formed in South Carolina (Agreement ¶ 7(a)), and the Complaint specifically describes letters and telephone calls from Bowater's South Carolina office in which Bowater allegedly authorized a transaction fee for the Abitibi merger and then reneged.  Complaint ¶¶ 18-19, 21, 23-24.  The only connection between this suit and New York, therefore, is the location of the plaintiff's office.

### D.     The Need to Apply South Carolina Law Favors Transfer

The need to apply another state's law also favors transfer.  *Van Dusen*, 376 U.S. at 643 (1964); *Indian Harbor Ins. Co.* v. *Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005).  The Engagement Agreement, in addition to specifying venue in South Carolina, provides

that South Carolina law will govern. See Agreement ¶ 7(a) ("This letter agreement and all controversies arising from or relating to performance under this letter agreement shall be governed by and construed in accordance with the laws of the state of South Carolina.").[1] Thus, this factor, too, favors transfer.

## CONCLUSION

For all of the reasons stated above, this Court should grant Defendant's Motion to Transfer to the U.S. District Court for the District of South Carolina.

July 19, 2007

           Respectfully submitted,

           /s/ Andrew H. Schapiro
           Andrew H. Schapiro
           MAYER, BROWN, ROWE & MAW LLP
           1675 Broadway
           New York, New York 10019
           (212) 506-2500

           *Attorneys for Defendant*
           *Bowater Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 19, 2007.

           /s/ Andrew H. Schapiro
           Andrew H. Schapiro

---

[1] Contractual choice-of-law clauses are enforceable under New York law. See *600 Grant Street Assocs. Ltd. P'ship* v. *Leon-Dielmann Inv. P'Ship*, 681 F. Supp. 1062 (S.D.N.Y. 1988).